United States Court of Appeals
 for the district of columbia circuit
 
 
 
 Filed On: October 11, 2000

 No. 98-1305
 
 Radio-Television News Directors Association and
 National Association of Broadcasters,
 Petitioners
 
 v.
 
 Federal Communications Commission and
 United States of America,
 Respondents
 
 Office of Communication, Inc., of the
 United Church of Christ, et al.,
 Intervenors
 
 
 
 Consolidated with
 No. 98-1334
 
 
 
 On Motion to Recall the Mandate
 or for an Order Pursuant to 47 U.S.C.  402(h),
 or a Writ of Mandamus to Compel Agency Action
 
 
 
 Before: Edwards, Chief Judge and Rogers, Circuit Judges.

 Rogers, Circuit Judge: The court is presently asked to order
the vacation of the personal attack and political editorial rules
adopted by the Federal Communications Commission in 1967 as
corollaries to the fairness doctrine, which the Commission
abandoned in 1985. See Motion to Recall the Mandate or For an
Order Pursuant to 47 U.S.C.  402(h), or a Writ of Mandamus to
Compel Agency Action, filed July 6, 2000 ("Motion for Mandamus"). 
In deference to the Commission's response in opposition, the
court held in abeyance consideration of the Motion for Mandamus
until September 29, 2000, instructing that if the Commission had
not acted by that date, petitioners could supplement their
request and seek appropriate action from the court. On October
2, 2000, petitioners filed an Emergency Motion, Supplement to
Motion to Recall Mandate or For an Order Pursuant to 47 U.S.C. 
402(h) or a Writ of Mandamus to Compel Agency Action ("Emergency
Motion").

 The court has previously recounted the chronology of events,
now exceeding twenty years when in response to a 1980 petition to
vacate the rules, nothing happened for long periods of time. See
Radio-Television News Dirs. Ass'n v. FCC, 184 F.3d 872 (D.C. Cir.
1999) ("1999 Radio-Television"). The court did, however,
acknowledge that the rules "interfere with editorial judgment of
professional journalists and entangle the government in day-to-
day operations of the media," id. at 881, and "chill at least
some speech, and impose at least some burdens on activities at
the heart of the First Amendment." Id. at 887. Consequently,
the court held that it was incumbent upon the Commission to
"explain why the public interest would benefit from rules that
raise these policy and constitutional doubts." Id. at 882.

 In December 1999, following the denial of rehearing and
rehearing en banc, the court remanded the case to the Commission,
stating that the Joint Statement by the two Commissioners in
support of the rules was inadequate to permit judicial review. 
Id. at 881-85. The court instructed the Commission's two-member
majority to explain its support of the personal attack and
political editorial rules in light of the Commission's conclusion
in 1985 that the fairness doctrine was not in the public interest
and its decision in 1987 not to enforce the fairness doctrine. 
Id. at 889. The court also stated that given prior delay, the
Commission must act expeditiously on remand. Id. at 889. In so
doing, however, the court did not doubt its authority to grant
relief. Id. at 888. Although the Commission advised in response
to the petition for rehearing and rehearing in banc, filed
September 28, 1999, that a prompt decision by it was needed and
that it could commence a new proceeding, see Response to Petition
for Rehearing and Rehearing En Banc at 6, and also sought
additional time to act in opposing the pending motion, see FCC
Response to Motion for Mandamus, filed July 18, 2000, at 3, as of
September 29, 2000, the Commission had failed to advise the court
that it had acted, much less commenced a proceeding and
petitioners represented that no such action has been taken. See
Emergency Motion at 16. Consequently, the two rules continued to
exist in a vacuum, unsupported by reasoning that would
demonstrate to the court that they are in the public interest
notwithstanding some interference with and some burdens on
speech.

 On October 4, 2000, the Commission responded to the
Emergency Motion advising that on that date the Commission, over
two dissents, had issued an Order temporarily suspending the
rules for 60 days, effective immediately. See Order and Request
to Update Record, 2000 WL 1468707  1 ("Order"). In the Order,
the Commission requested broadcasters and others to report on
their actions during the suspension period and to provide, within
sixty days after the reinstatement of the rules on December 3,
2000, evidence to assist the Commission in reviewing the rules
and in responding to the court's opinion. See id.  8-13. In
view of its Order, the Commission contends that the motion for
mandamus is now moot. See Response to Emergency Motion at 1. 
The matter is not so simple, however.

 Neither the timing nor the substance of the Order responds
to the court's remand order in 1999 Radio-Television. From the
silence of the Commission until October 4, 2000, and the
statements of the two dissenting Commissioners, it can reasonably
be inferred that until the court's order of July 24, 2000,
responding to the Motion for Mandamus, the Commission had taken
no action to respond to the remand. Consistent with the
decision of the court, the two Commissioners supporting the rules
could have submitted a new justification with or without new
data, or the Commission could have commenced a new proceeding to
gather such data. The separate statement of Commissioner Powell
indicates that the deadlock might not have persisted had some
intermediary steps been proposed. On this record, the court can
only conclude that its remand order for expeditious action was
ignored. 

 Be that as it may, the court is now confronted with the
October 4th Order. Clearly, the Order is not responsive to the
court's remand. The Commission still has not provided adequate
justification for the rules, and in its Order provides no
assurance that it will do so. The suspension of the rules for 60
days simply has the effect of further postponing a final decision
by the Commission. Incredibly, the Order reinstates the rules
before the Commission will have received any of the updated
information that the Commission states it requires in order to
evaluate the rules. See Order  7. Thus, notwithstanding the
Commission's continuing failure to provide adequate
justification, as of December 3, 2000, petitioners would again be
subject to the rules that they have contended since 1980 have
serious consequences and that the court has acknowledged have
some effect on speech and cause some interference with
broadcasters' editorial judgments. The Order provides no
assurance whatsoever that the Commission will proceed
expeditiously once it receives the requested information. 
It follows that petitioners' Motion for Mandamus is not moot. 
See County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979);
Delta Air Lines, Inc. v. CAB, 674 F.2d 1, 4 (D.C. Cir. 1982).

 In other words, it is folly to suppose that the 60-day
suspension and call to update the record cures anything. As
petitioners point out in their Reply to the FCC Response to the
Emergency Motion, the Commission updated the record four years
ago and still did not provide an adequate justification for the
rules. See id. at 2. Apparently the Commission views the
presidential election period as a particularly good opportunity
to gauge the effect of the rules. See Order  7. The rules,
once reinstated, will be effective year-round. Pretermitting
whether the requirement of the First Amendment suggested by the
Order is skewed, not only does the Order provide short notice
for broadcasters to change their plans, but their conduct will in
any event be affected by the fact that the rules will be
reinstated on December 3, 2000. In short, the October 4th Order
compounds the problems, affording no relief to petitioners and no
assurance that final action is imminent, much less to be
expeditiously accomplished. The petition to vacate the rules has
been pending since 1980, and less stalwart petitioners might have
abandoned their effort to obtain relief long ago. If these
circumstances do not constitute agency action unreasonably
delayed, see Telecommunications Research and Action Ctr. v. FCC,
750 F.2d 70, 79-81 (D.C. Cir. 1984), it is difficult to imagine
circumstances that would. 

 In these extraordinary circumstances, the court's decision
is preordained and the mandamus will issue. Cf. Calderon v.
Thompson, 523 U.S. 538, 550 (1998). The court has afforded
repeated opportunities for the Commission to take final action.
Despite its filings suggesting to the court that something would
happen, the Commission, once again, has done nothing to cure the
deficiencies of which it has been long aware. Of course, the
Commission may institute a new rule-making proceeding to
determine whether, consistent with constitutional constraints,
the public interest requires the personal attack and political
editorial rules. These are issues that the court has yet to
decide. Nevertheless, extraordinary action by the court is
warranted in this case, particularly in view of the fact that the
six reasons proffered in support of the rules were all wanting.
See 1999 Radio-Television, 184 F.3d at 881-85. The Commission
has delayed final action for two decades, to the detriment of
petitioners. While it acknowledged the need for a prompt
decision, the Commission failed to act for nine months. Finally,
its response consists of an order that further postpones a final
decision without any assurance of a final decision.

 Accordingly, the court hereby recalls its mandate and issues
a writ of mandamus directing the Commission immediately to repeal 
the personal attack and political editorial rules.